IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JACK HERBERT THOMAS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:20-CV-216-Z-BR |
| § | |
| DIRECTOR, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Jack Herbert Thomas ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody. (ECF 3). When he filed his federal habeas petition, Petitioner was incarcerated at the Neal Unit in Potter County, Texas pursuant to two Potter County convictions.[1] Petitioner pleaded guilty to aggravated robbery in cause number 54,286-D and was sentenced to 20 years of imprisonment on June 4, 2007. (ECF 22-2 at 6). Petitioner also pleaded guilty to burglary of a habitation in cause number 54,293-D and was sentenced to 20 years of imprisonment on June 4, 2007. (ECF 22-4 at 36). Petitioner filed two state applications for writ of habeas corpus challenging his denial of good time and work time credits. (ECF 22-2 at 20–38; 22-4 at 5–23). Both of his state applications for writ of habeas corpus were denied without written order on August 12, 2020. (ECF 22-1 at 1; 22-3 at 1).

Petitioner's federal habeas petition states he is not challenging his conviction. (ECF 3 at 1). Rather, he appears to argue his constitutional rights were violated because the Texas

---

[1] Inquiry to TDCJ-Correctional Institutions Division revealed Petitioner has been released to parole and is no longer incarcerated.

Department of Criminal Justice ("TDCJ") misapplied Texas House Bill 1433 ("HB 1433"), deprived him of his accrued good time and work time credits, and denied him release to mandatory supervision.[2] (*See id*. at 2, 6). Petitioner's argument necessarily fails because his convictions for aggravated robbery and burglary of a habitation make him ineligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(12)–(13) (stating an inmate may not be released to mandatory supervision if convicted of a first degree felony under Tex. Pen. Code § 29.03 (aggravated robbery) or Tex. Pen. Code § 30.02 (burglary)). To the extent Petitioner argues his constitutional rights were violated because he was denied parole, Petitioner's claim still fails. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.").

Further, inquiry to TDCJ-Correctional Institutions Division revealed Petitioner has been released to parole and is no longer incarcerated. Because Petitioner does not attack the validity of his conviction, but rather the alleged deprivation of his accrued good time and work time credits, Petitioner's release to parole renders his federal habeas petition moot. *See* Tex. Gov't Code § 498.003(a) ("Good conduct time applies only to eligibility for parole or mandatory supervision ... and does not otherwise affect an inmate's term."); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex.

---

[2] Based on Petitioner's federal habeas petition, Respondent's briefing, and the administrative record, the Court understands Petitioner's reference to "House Bill" in his federal habeas petition as a reference to HB 1433. HB 1433 was legislation proposed in 1995 in the Texas House of Representatives that amended Section 8(c) of Article 42.18 of the Texas Code of Criminal Procedure in two respects: (1) it prevented those previously convicted of crimes ineligible for mandatory supervision from eligibility for any future conviction, regardless of the current offense; and (2) it provided the Board of Pardons and Parole with the authority to review all inmates eligible for mandatory supervision to determine if they should, in fact, be released to mandatory supervision. Specifically, the legislation provided a discretionary aspect to mandatory supervised release by authorizing the Board to prevent a prisoner's release to mandatory supervision if the panel determines (1) the prisoner's accrued good conduct time is not an accurate reflection of their potential for rehabilitation, and (2) that their release would unreasonably endanger the public. *See* https://www.legis.state.tx.us/tlodocs/74R/billtext/html/HB01433F.htm (last accessed on February 23, 2022). The legislation became effective September 1, 1996.

Crim. App. 1994); *see also Gray v. Dretke*, 135 Fed. Appx. 711, 712 (5th Cir. 2005) (federal habeas claim for loss of good time credit became moot when petitioner released on parole). Consequently, Petitioner filed a Notice of Withdrawal and brief in support. (ECF 16–17). The notice requests a "dismissal" of Petitioner's federal habeas petition because he was granted parole. (*See* ECF 16 at 1).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 28, 2022.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).